UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WRIGHT,

    Plaintiff,

v.                                       Case No. 08-10045

                                         Honorable Patrick J. Duggan

DAVID G. GORCYCA, et. al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING
## PLAINTIFF'S CIVIL RIGHTS COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 10, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff James Wright, presently confined at Macomb Correctional Facility in New Haven, Michigan, and proceeding *in forma pauperis*, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff asserts that Oakland County Prosecutor David Gorcyca conspired against him during his sentencing. Plaintiff also claims that Judge Michael D. Warren, Jr., of the Oakland County Circuit Court in Pontiac, Michigan, allowed him to enter into a guilty plea and then would not permit him to rescind the plea. Plaintiff maintains that as a result of the Defendants' alleged conduct, he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment of the

United States Constitution. Accordingly, Plaintiff has filed this civil rights complaint and requests damages of ten thousand ($10,000.00) dollars from each Defendant and an additional twenty thousand ($20,000.00) dollars "from the court."

## DISCUSSION

Under the Prison Litigation Reform Act, a district court is required to screen and dismiss all prisoner civil rights complaints before service upon the defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007). Despite the liberal pleading standard accorded *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972), the Court finds that the complaint in this case is subject to dismissal because Defendants are immune from Plaintiff's request for monetary relief.

A prosecutor is absolutely immune from suit, including suits seeking monetary relief, for actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995-96 (1976); *see also Burns v. Reed*, 500 U.S. 478, 491, 111 S. Ct. 1934, 1941-42 (1991)(quoting *Imbler*, 424 U.S. at 430-31, 96 S. Ct. at 995-96); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). This immunity extends to a prosecutor's decision to file a criminal complaint.

2

*Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Moreover, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Plaintiff allegations against Defendant Gorcyca relate to Defendant Gorcyca's conduct during Plaintiff's sentencing. Defendant Gorcyca's alleged conduct during Plaintiff's sentencing is conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430-31, 96 S. Ct. at 995-96. Therefore, Defendant Gorcyca is entitled to absolute immunity.

Defendant Judge Warren is likewise entitled to absolute immunity in this case. Generally, a judge performing judicial functions is absolutely immune from a suit seeking monetary damages. *Mireles v. Waco,* 502 U.S. 9, 9-10, 112 S. Ct. 286, 287 (1991)(per curiam); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Plaintiff's allegations relating to his challenges to his state criminal proceedings and incarceration, including acceptance or rejection of a plea agreement by the trial court, involve the performance of judicial duties. Defendant Judge Warren is thus absolutely immune from a suit seeking monetary relief for such conduct.

## CONCLUSION

For the reasons stated above, the Court concludes that the Defendants are immune from Plaintiff's suit seeking monetary damages under 42 U.S.C. §1983.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED PURSUANT TO 28 U.S.C. §§1915(e)(2)(B) and 1915A** because Plaintiff is seeking monetary relief against Defendants who are immune from such relief.

                    s/PATRICK J. DUGGAN
                    UNITED STATES DISTRICT JUDGE

Copies to:
James Wright
#401399
Macomb Correctional Facility
34625 26 Mile Rd.
New Haven, MI 48048